The Stone Law Firm, PLC
Shawn L. Stone, Bar No. 23558
Harry N. Stone, Bar No. 5281
3030 N. 3rd Street, Suite 200
Phoenix, AZ 85012
Tel:  (602) 307-5000 / Fax:  (602) 307-5009
sstone@stonelawfirm.com
hstone@stonelawfirm.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRIAN WRIGHT and SUSAN WRIGHT, husband and wife, | CASE NO.: 2:09-CV-1911 |
| Plaintiffs, | **COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| GENERAL MOTORS COMPANY, a Delaware Corporation; and PEORIA PONTIAC-GMC, INC., an Arizona Corporation; and Does 1 to 100, inclusive, | |
| Defendants. | |

Plaintiffs allege as follows:

## JURISDICTION

1.  This Court has original jurisdiction over this matter because this suit involves federal claims pursuant to 28 U.S.C. § 1331.

2.  This Court's § 1331 jurisdiction is proper because the federal claims asserted herein involve the determination of claims exceeding the sum or value of $50,000 (exclusive of interests and costs) pursuant to Section 2310(d)(3)(B) of the Federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2310, *et seq*.

3. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**PARTIES**

4. As used in this Complaint, the word "Plaintiff" shall refer to Brian Wright and Susan Wright.

5. As used in this Complaint, the word "Manufacturer" shall refer to General Motors Company, a Delaware Corporation.

6. As used in this Complaint, the word "Dealer" shall refer to Peoria Pontiac-GMC, Inc.

**FIRST CLAIM FOR RELIEF**
**BY PLAINTIFF AGAINST DEFENDANT**
**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**15 U.S.C. § 2310(d) and A.R.S. § 47-2711, § 47-2714**

7. On or about October 16, 2008, Plaintiff purchased a New 2009 Pontiac G8, VIN # 6G2EC57YX9L207598 (hereafter "Vehicle") which was manufactured, distributed, or sold by Defendants. The total amount of the claims to be determined in this suit include Plaintiff's consideration which include those amounts Plaintiff paid, agreed to pay, or were paid on Plaintiff's behalf, including taxes, license fees, finance charges, vehicle trades, and satisfaction of outstanding loans and/or leases totaling is $ 81,620.15. The Vehicle was purchased primarily for personal, family, or household purposes. Plaintiff purchased the vehicle from the Dealer, a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

8. In connection with the purchase, Plaintiff received a written express warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there was a failure in the utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the Warranty Period, Plaintiff could deliver the Vehicle for repair services to Defendant or its representative and the Vehicle would be repaired.

9. During the the warranty period, the Vehicle contained or developed defects which caused, and continues to cause, the vehicle to violently shimmy and vibrate while being operated; abnormal engine vibrations; and other defects which substantially impair the Vehicle's drivability.

10. Pursuant to 15 U.S.C. § 2301, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. The duration of the implied warranty is coexestive in duration with the duration of the express written warranty provided by Defendant.

11. The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labeled; and (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

12. On or about December 17, 2008, or during the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 9, above. The existence of each of these defects constitutes a breach of the implied warranty

because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

13. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in A.R.S. § 44-2711, including restitution of the full purchase price. In addition, Plaintiff seeks the remedies set forth in A.R.S. § 44-2714 including the dimunition in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimus.*

14. Plaintiff has been damaged by the Defendants' failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15. U.S.C. § 2310(d) and A.R.S. § 44-2711 and § 44-2714.

15. Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

. .

. .

. .

## SECOND CLAIM FOR RELIEF
## BY PLAINTIFF AGAINST DEFENDANT
## BREACH OF THE IMPLIED WARRANTY OF FITNESS
## 15 U.S.C. § 2310(d) and A.R.S. § 47-2711, § 47-2714

16. Plaintiff incorporates, by reference, the allegations contained in paragraphs 7 through 9, above.

17. Defendants are a manufacturer, distributor, or seller who has reason to know at the time of the retail sale, that the Vehicle was required for a particular purpose and that the Plaintiff was relying on the Defendants' skill or judgment to select or furnish suitable goods.

18. Pursuant to 15 U.S.C. § 2301, the sale of the Vehicle was accompanied by Defendants' implied warranty that the Vehicle would be fit for Plaintiff's particular purpose. The duration of the implied warranty is coexestive with the duration of the express written warranty provided by Defendants.

19. On or about December 17, 2008, or during the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 7, above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle is not for the Plaintiff's particular purpose.

20. Plaintiff has been damaged by Defendants' failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and A.R.S. § 47-2711 and § 47-2714.

21. Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of fitness, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with

the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**THIRD CLAIM FOR RELIEF**
**BY PLAINTIFF AGAINST DEFENDANT**
**BREACH OF EXPRESS WARRANTY**
**15 U.S.C. § 2310(d)**

22.   Plaintiff incorporates, by reference, the allegations contained in paragraphs 7 though 9, above.

23.   In accordance with the Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs.  Plaintiff did so within a reasonable time.  When Plaintiff delivered the Vehicle, Plaintiff notified Defendants and its representatives of the characteristics of the defects.  However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

24.   Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this Claim pursuant to 15 U.S.C. § 2310(d).

25.   Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its representative were aware of their obligation to repair the Vehicle under the express warranty, but intentionally declined to fulfill that obligation.

26.   Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## FOURTH CLAIM FOR RELIEF
## BY PLAINTIFF AGAINST DEFENDANT
## FAILURE TO CONFORM MOTOR VEHICLE TO EXPRESS WARRANTY
## 15 U.S.C. § 2310(d) AND A.R.S. § 44-1262

27. Plaintiff incorporates by reference the allegations contained in paragraphs 5 through 9, above.

28. Defendant and its representatives have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts in violation of A.R.S. § 44-1262.

29. Since the provisions of A.R.S. § 44-1262 existed at the time Defendant gave the express warranty, those provisions were incorporated in the terms of the express warranty by operation of Arizona law. *Higginbottom v. State of Arizona,* 203 Ariz. 139, 142, 51 P.3d 972, 975 (2002); *Yeazell v. Copins*, 98 Ariz. 109, 113, 402 P.2d 541, 544 (1965). Accordingly, Defendant's violation of A.R.S. § 44-1262 was a breach of the terms of the express warranty, and Plaintiff, therefore, brings this claim pursuant to 15 U.S.C. § 2310(d).

30. Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with 15 U.S.C. § 2310(a) or 16 C.F.R. § 703.

## FIFTH CLAIM FOR RELIEF
## BY PLAINTIFF AGAINST DEFENDANT
## FAILURE TO MAKE REFUND TO THE CONSUMER
## 15 U.S.C. § 2310(d) AND A.R.S. § 44-1263(A)

31. Plaintiff incorporates by reference the allegations contained in paragraphs 7 through 9, above.

32. Defendant and its representatives have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts. Despite this fact and despite Plaintiff's demands for a refund and/or replacement, Defendant failed and continues to fail to refund Plaintiff's purchase price or make restitution to Plaintiff as required by A.R.S. § 44-1263(A).

33. Since the provisions of A.R.S. § 44-1263(A) existed at the time Defendants gave the express warranty, those provisions were incorporated in the terms of the express warranty by operation of Arizona law. *Higginbottom v. State of Arizona,* 203 Ariz. 139, 142, 51 P.3d 972, 975 (2002); *Yeazell v. Copins*, 98 Ariz. 109, 113, 402 P.2d 541,544 (1965). Accordingly, Defendant's violation of A.R.S. § 44-1263(A) was a breach of the terms of the express warranty, and Plaintiff therefore brings this claim pursuant to 15 U.S.C. § 2310(d).

34. Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with 15 U.S.C. § 2310(a) or 16 C.F.R. § 703.

**PRAYER**

WHEREFORE Plaintiff prays for judgment against Defendant Dealer and Defendant Manufacturer jointly and severally as follows:

A. For Plaintiff's damages in an amount not less than $ 81,620.15.

B. For restitution to Plaintiff in an amount not less than $ 81,620.15.

C. For consequential and incidental damages in an amount to be proven at trial.

D. For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to 15 U.S.C. § 2310(d)(2).

1  E. For prejudgment interest at the legal rate.

2  F. And for such other relief as the Court may deem proper.

3

4

5  Dated: September 14, 2009.

THE STONE LAW FIRM, PLC

/s/ Shawn L. Stone

_____

By:  Shawn L. Stone
     Harry N. Stone
     Attorneys for Plaintiffs